UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK O. FONSECA,<br>CDCR #G-62092,<br><br>                                        Plaintiff,<br><br>                    vs.<br><br>P. COLIO; C.G. BUTLER;<br>H. LOPEZ; E. DELGADO;<br>L.S. McEWEN;<br><br>                                        Defendants. | Civil No.     12cv0324 JLS (PCL)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350.00 BALANCE FROM PRISONER'S TRUST ACCOUNT; AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Roderick O. Fonseca ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, initially submitted a civil action pursuant to 42 U.S.C. § 1983 in the Northern District of California.  United States District Judge Jeffrey White determined that the actions alleged in Plaintiff's Complaint arose in Calipatria and thus, transferred the matter to the Southern District of California on February 3, 2012.

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C.

1   § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the
2   plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*,
3   169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain
4   obligated to pay the entire fee in installments, regardless of whether their action is ultimately
5   dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir.
6   2002).

7   Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a
8   prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account
9   statement (or institutional equivalent) for the prisoner for the six-month period immediately
10  preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,
11  1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial
12  payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the
13  average monthly balance in the account for the past six months, whichever is greater, unless the
14  prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having
15  custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's
16  income, in any month in which the prisoner's account exceeds $10, and forward those payments to
17  the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

18  The Court finds that Plaintiff has no available funds from which to pay filing fees at this
19  time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from
20  bringing a civil action or appealing a civil action or criminal judgment for the reason that the
21  prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d
22  at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a
23  prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him
24  when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP
25  [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the
26  entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the
27  Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).
28  //

**INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

//

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff's Complaint is not entirely clear but it appears that he is claiming that on two occasions Defendant Colio denied Plaintiff a portion of his meals. (*See* Compl. at 3.) Plaintiff appears to bring this claim both as an Eighth Amendment cruel and unusual punishment claim and as a denial of his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

To state a claim for cruel and unusual punishment, however, Plaintiff must allege facts sufficient to show that the conditions of his confinement subjected him to "unquestioned and serious deprivations of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes*, 452 U.S. at 347, 349. Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). However, prison food need not be "tasty or aesthetically pleasing," and it need only be "adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996).

Although the Ninth Circuit has never decided what exact quantity of prisoner food is necessary to pass constitutional muster, other courts have established guidelines. *See, e.g., Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986) (finding two meals a day sufficient if nutritionally and calorically adequate); *see also Sostre v. McGinnis*, 442 F.2d 178, 186, 193-94 (2d Cir. 1971) (finding diets of 2,800 to 3,300 calories per day constitutionally adequate); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (finding one meal a day for 15 days, where the meal contained 2,000-2,500 calories and was sufficient to maintain health, constitutionally adequate). It is clear, however, that even the complete denial of single meals on a few occasions is insufficient to support a claim of cruel and unusual punishment. *See e.g., Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir.

1999) ("[T]hat Palmer may have missed one meal ... does not rise to the level of a cognizable constitutional injury"); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) ("Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); *Wilkins v. Roper*, 843 F. Supp. 1327, 1328 (E.D. Mo. 1994) (denial of one meal does not give rise to constitutional violation).

Here, Plaintiff has failed to state a cruel and unusual punishment claim because he has failed to allege facts which show that he was denied sufficient food or nutrition necessary to maintain his health. *LeMaire*, 12 F.3d at 1456; *see also Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) (when considering Eight Amendment challenges to the conditions of confinement, court should consider amount of time the prisoner was subject to the allegedly unconstitutional condition).

While Plaintiff also appears to attempt to allege a claim under RLUIPA, the factual allegations in the Complaint are so disjointed that it is simply not clear to the Court the nature of Plaintiff's religious claims. The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq*., provides:

> No government shall impose a *substantial burden on the religious exercise* of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – [¶] (1) is in furtherance of a *compelling governmental interest*; and [¶] (2) is the *least restrictive means* of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added)*; see also San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1033-34 (9th Cir. 2004) ("RLUIPA 'replaces the void provisions of RFRA' . . . and prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless there exists a compelling governmental interest and the burden is the least restrictive means of satisfying the governmental interest.").

RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); *San Jose Christian College*, 360 F.3d at 1034. The party alleging a RLUIPA violation carries the initial burden of demonstrating that a governmental practice constitutes a substantial burden on his religious exercise. *See* 42 U.S.C. §§ 2000cc-1(a); 2000cc-2(b) ("[T]he plaintiff shall bear the burden of persuasion on

1  whether the law (including a regulation) or government practice that is challenged by the claim
2  substantially burdens the plaintiff's exercise of religion.").).  Here, the Court finds that Plaintiff's claims
3  lack sufficient factual allegations to state a claim under RLUIPA.
4      Finally, Plaintiff also appears to allege that his Fourteenth Amendment due process rights have
5  been violated by the alleged inadequate review of his administrative grievances.  (*See* Compl. at 4.)
6  The Fourteenth Amendment provides that:  "[n]o state shall ... deprive any person of life, liberty, or
7  property, without due process of law."  U.S. CONST. amend. XIV, § 1.  "The requirements of procedural
8  due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's
9  protection of liberty and property."  *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State statutes
10 and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process
11 protection.  *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  To state a procedural due process claim,
12 Plaintiff must allege:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation
13 of the interest by the government; [and] (3) lack of process."  *Wright v. Riveland*, 219 F.3d 905, 913 (9th
14 Cir. 2000).      However, the Ninth Circuit has held that prisoners have no protected *property* interest
15 in an inmate grievance procedure arising directly from the Due Process Clause.  *See Ramirez v. Galaza*,
16 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific
17 prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that
18 the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a
19 [prison] grievance procedure")); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley
20 v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).
21     In addition, Plaintiff has failed to plead facts sufficient to show that prison official deprived him
22 of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory
23 manner.  While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at
24 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:
25 (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and
26 significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515
27 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Plaintiff pleads nothing
28 to suggest how the allegedly inadequate review and consideration of his inmate grievances amounted

to a restraint on his freedom not contemplated by his original sentence or how it resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

Thus, to the extent Plaintiff challenges the procedural adequacy of inmate grievance procedures, his Complaint fails to state a due process claim. *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

## CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-

alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

DATED: February 28, 2012

Honorable Janis L. Sammartino
United States District Judge